IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JASON R. CHRISTNER,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

CV. 07-923-KI

OPINION AND ORDER


CRAIG E. WEINERMAN
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401

    Attorney for Petitioner


HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

KING, District Judge.

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his conviction and sentence for Possession of a Weapon by an Inmate. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED.

## BACKGROUND

Petitioner was in Oregon State Penitentiary serving a 300 months sentence on a murder conviction when correctional officers conducted a search of his cell. The officers discovered a state issued razor with its blade removed and the blade hidden in Petitioner's belongings. (Petr.'s Memorandum, #26, 2-3.) Petitioner was charged with Possession of a Weapon by an Inmate. Petitioner rejected a plea offer of 19 months consecutive to the murder sentence, but pleaded guilty with open sentencing. (Respt.'s Response, #19, 2.) In his plea petition Petitioner admitted removing and keeping the blade from a prison issued razor with the intent to commit suicide. (Respt.'s Ex. 103, 4.) The Marion County Circuit Court accepted Petitioner's plea and sentenced him to 25 months imprisonment, to run consecutively to the 300 month sentence he was serving. (Petr.'s Memorandum, #26, 3.) Petitioner did not file a direct appeal. (Respt.'s Response, #19, 2.)

Petitioner filed for post-conviction relief ("PCR"), (*Id.*),

2 - OPINION AND ORDER -

raising seven instances of ineffective assistance of trial counsel, and alleging he was denied his right to due process and equal protection under the law and was subjected to cruel and unusual punishment. (Respt.'s Ex. 105, 2-3.) The PCR court denied relief. (Respt.'s Exs. 120, 121.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Christner v. Belleque*, 210 Or. App. 756, 153 P.3d 178 (2007), *rev. denied*, 342 Or. 633, 157 P.3d 788 (2007).

## DISCUSSION[1]

The Grounds for Relief Petitioner raises in the instant petition can be characterized as follows: Ground One - violation of the Sixth Amendment right to effective assistance of counsel when trial counsel: coerced Petitioner into pleading guilty by threatening an upward double departure sentence (1.1), failed to advise Petitioner of the defense of mental disease or defect (1.2), failed to advise Petitioner of the possible defense that Or. Rev. Stat. § 166.275 is unconstitutional because it makes no provisions for a defendant who suffers from mental illness (1.3), failed to advise Petitioner of the possible defense that the weapon in question was not a dangerous instrument or weapon within the meaning of Or. Rev. Stat. § 166.275, but was, instead, contraband (1.4), failed to adequately investigate Petitioner's history of

---

[1] For clarity, the court adopts Respondent's numeration of the claims.

3 - OPINION AND ORDER -

mental illness and treatment (1.5), failed to file a motion requesting a mental health evaluation (1.6), failed to present evidence of Petitioner's history of mental health problems at sentencing (1.7); Ground Two - violation of the Eighth Amendment prohibition against cruel and unusual punishment and violation of Petitioner's Fourteenth Amendment right to due process and equal protection when the sentencing court imposed a 25 month consecutive sentence and did not consider his mental health problems in mitigation; Ground Three - violation of Petitioner's Sixth Amendment and 14th Amendment right to effective assistance of counsel when post-conviction appellate counsel failed to completely and adequately litigate issues raised in his amended PCR petition. Respondent contends that, with the exception of Ground 1.4, Petitioner's claims should be denied as not traversed. (Respt.'s Reply, #29, 1.) As to Ground 1.4, Respondent argues the state PCR court decision is entitled to deference and habeas relief should be denied. (*Id.* at 3.)

## I. Claims Not Traversed

Under 28 U.S.C. § 2254(a) a district court may entertain a petition for writ of habeas corpus only on the ground that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner bears the burden of proving he merits habeas relief. *Walker v. Johnston*, 312 U.S. 275, 286 (1941); *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002)

4 - OPINION AND ORDER -

(Petitioner must prove he merits habeas relief by a preponderance of the evidence), *cert. denied* 537 U.S. 942 (2002). In his memorandum, Petitioner only argues he merits relief on Ground 1.4. Because Petitioner does not address grounds for relief 1.1, 1.2, 1.3, 1.5, 1.6, 1.7, Ground Two or Ground Three in his memorandum, he has not met his burden of proving he merits habeas relief as to these claims. Moreover, Petitioner does not address Respondent's assertions in the Response that he is not entitled to relief on these claims. (#19 at 12-19.) Having found no evidence in the record to the contrary, the Court accepts Respondent's assertions that Petitioner is not entitled to relief on Grounds 1.1, 1.2, 1.3., 1.5, 1.6, 1.7, Ground Two, and Ground Three as true, *see* 28 U.S.C. § 2248 (allegations of a return or of an answer that are not traversed "shall be accepted as true except to the extent that a judge finds from the evidence that the are not true"), and, accordingly, denies relief.

## II. Ground for Relief 1.4

### A. Standards and Scope of Review under § 2254

The standard of review applicable to habeas corpus petitions on behalf of a person in custody pursuant to the judgment of a state court is set out in 28 U.S.C. §2254 (d):

> An application [ ] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or

5 - OPINION AND ORDER -

> involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) cert. denied, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. "A state court need not even be aware of [Supreme Court] precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (citing *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (internal quotation omitted)).

An "unreasonable application" of clearly established Supreme

6 - OPINION AND ORDER -

Court law occurs when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert* at 974 (citing *Williams*.) The state court's application of law must be *objectively unreasonable*. *Id.* (emphasis added). "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner. An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002), rehearing denied, 537 U.S. 1149 (2003), (internal citations omitted).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). In this proceeding, it is the decision of the PCR trial court. In reviewing the state court decision, factual findings are presumed to be correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

If the federal court does not find that the state court

7 - OPINION AND ORDER -

decision was objectively unreasonable, deference is given to the state court decision and habeas relief is denied. *Delgado*, 223 F.3d at 981-82; *see also Williams*, 529 U.S. at 386-89.

B.  <u>Analysis</u>

In Ground 1.4 Petitioner contends trial counsel was constitutionally deficient for advising Petitioner to plead guilty and failing to advise him of the possible defense that the weapon in question was not a dangerous instrument or weapon within the meaning of Or. Rev. Stat. § 166.275, but was, instead, contraband.[2] Under governing law, for relief to be granted on claims of ineffective assistance of counsel a petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland*, 466 U.S. 668, 687-88. "A reasonable

---

[2]Or. Rev. Stat. § 166.275 reads:
 Any person committed to any institution who, while under the jurisdiction of any institution or while being conveyed to or from any institution, possesses or carries upon the person, or has under the custody or control of the person any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the custody of the Department of Corrections for a term not more than 20 years.

probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. Moreover, *Strickland* counsels that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Id.* at 690.

In the PCR trial court proceeding, trial counsel's affidavit confirmed counsel did not advise Petitioner that the razor blade was not a dangerous weapon because, in his opinion, "that advice would be wrong." (Respt.'s Ex. 118, 2.) Petitioner argued that the razor blade he had in his possession was not a dangerous weapon because it was only 1 1/2 inches long by 1/4 to 3/8 inches high, he only kept it with the intent to commit suicide, and did not intend to harm others. (Respt.'s Exs. 106 at 4; 117 at 14-16; 119 at 7-8.) From Petitioner's admission that he kept the blade with the intent to commit suicide, the PCR trial court found "Petitioner himself reasonably believed that the razor could cause significant injury or death" and it was "inconsistent and not credible" that Petitioner ask the court to find the razor was not a dangerous weapon that could cause significant injury or death. (Respt.'s Ex. 120, 4.) The court, thus, refused to do so. (*Id.*) The PCR court also adopted Respondent's assertion that the proposed defense was not viable. (*Id.* at 5; Respt.'s Ex. 113, 12-13.) State court findings are presumed to be correct. 28 U.S.C. § 2254(e)(1).

9 - OPINION AND ORDER -

Petitioner may overcome this presumption by presenting clear and convincing evidence to this court that the findings are in error, but he has not done so.

The PCR trial court denied Petitioner relief finding that he failed to meet his burden of proof. (Respt.'s Ex. 120, 5.) A review of the PCR record and the PCR trial court's findings show Petitioner did not prove counsel's performance fell below objective standards of reasonableness when he did not advise Petitioner that the razor blade was not a dangerous instrument or weapon within the meaning of Or. Rev. Stat. § 166.275. A failure to prove either prong of the *Strickland* requirements is dispositive. *Strickland*, 466 U.S. at 697. It was, therefore, neither contrary to nor an unreasonable application of *Strickland* for the PCR court to deny Petitioner relief.

## CONCLUSION

Based on the above, I do not find the Oregon court's decision denying Petitioner PCR relief to be contrary to or an unreasonable application of established federal law. Accordingly, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of October, 2008.

*/s/ Garr M. King*
Garr M. King
United States District Judge

10 - OPINION AND ORDER -